In re ATTORNEY FEES OF UJLAKY, No. 150887; Court of Appeals No. 316494. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals as to Docket No. 316494, and we remand this case to the Kent Circuit Court for a determination of the reasonableness of the attorney fees requested. The trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant. See In re Recorder's Court Bar Ass'n, 443 Mich 110, 131 (1993). Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, ipso facto, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may. On remand, the trial court shall either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable. See, e.g., In re Attorney Fees of Mullkoff, 176 Mich App 82, 85-88 (1989), and In re Attorney Fees of Jamnik, 176 Mich App 827, 831 (1989). We do not retain jurisdiction.

BREDOW V LAND & CO, No. 150894; Court of Appeals No. 315219. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate that part of the Court of Appeals opinion discussing plaintiff Gordon Bredow's status as an invitee or a licensee. We nevertheless affirm the result reached by the Court of Appeals because we conclude that, assuming arguendo that the plaintiff remained an invitee throughout his time on the property, the danger was open and obvious and contained no special aspects excepting it from the open and obvious doctrine. See Hoffner v Lanctoe, 492 Mich 450, 473 (2012).

PEOPLE V BROCHU, No. 151780; Court of Appeals No. 326479. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the Court of Appeals order granting leave to appeal in part and we remand this case to the Genesee Circuit Court to state whether the court accepted the sentencing agreement that the parties reached for a minimum sentence of eight years for the plea-based armed robbery conviction, pursuant to People v Killebrew, 416 Mich 189 (1982), because the present record is insufficient to make this determination. If the agreement was accepted by the trial court, it shall impose the agreed-upon sentence. If the trial court did not accept the agreement, the defendant shall be given the opportunity to withdraw his plea. Id. at 194-195.